IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES WAYNE KANTNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 19-1416 |
| | ) |
| | ) |
| ANDREW SAUL, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 29th day of September, 2020, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 16), filed in the above-captioned matter on June 10, 2020,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 13), filed in the above-captioned matter on May 6, 2020,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART.  Specifically, Plaintiff's Motion is granted to the extent that it seeks remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below, and denied in all other respects.  Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

**I.     Background**

On July 6, 2016, Charles Wayne Kantner protectively filed a claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq.

Specifically, Plaintiff claimed that he became disabled on February 20, 2016, due to coronary artery disease, diabetes, ADD, depression and sleep apnea. (R. 75-76).

After being denied initially on November 2, 2016, Plaintiff sought, and obtained, a hearing on July 18, 2018, before an Administrative Law Judge ("ALJ"). (R. 28-74). In a decision dated November 9, 2018, the ALJ denied Plaintiff's request for benefits. (R. 12-22). The Appeals Council declined to review the ALJ's decision on September 12, 2019. (R. 1-6). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II.  Standard of Review

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the administrative law judge's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate'" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)). However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'"

Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)).  "'Nor is evidence substantial if it is overwhelmed by other evidence— particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion.'"  Id.

A disability is established when the claimant can demonstrate "some 'medically determinable basis for an impairment that prevents him [or her] from engaging in any substantial gainful activity for a statutory twelve-month period.'"  Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001) (quoting Plummer, 186 F.3d at 427 (internal citation omitted)).  "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'"  Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act.  See 20 C.F.R. § 404.1520.  In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity.  See 20 C.F.R. § 404.1520(a)(4)(i).  If so, the disability claim will be denied.  See Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment.  See 20 C.F.R. § 404.1520(a)(4)(ii).  "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522(a).  If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability

benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. § 404.1520(a)(4)(iii). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work, see 20 C.F.R. § 404.1520(a)(4)(iv), and the claimant bears the burden of demonstrating an inability to return to this past relevant work, see Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation then moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. § 404.1523.

### III. The ALJ's Decision

In the present case, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since the alleged onset date, February 20, 2016. (R. 14). The ALJ also found that Plaintiff met the second requirement of the process insofar as he had certain severe impairments, particularly, obstructive sleep apnea, coronary artery disease with stents, diabetes

mellitus, bipolar disorder, anxiety and ADD.  (R. 14).  The ALJ further concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three.  (R. 15).

The ALJ next found that Plaintiff retained the RFC to perform sedentary work, except that he can lift and/or carry 10 pounds occasionally and less than 10 pounds frequently; can stand and/or walk for 2 hours in an 8-hour workday; can sit for 6 hours in an 8-hour workday; can perform work that requires no more than a specific vocational preparation (SVP) level or 1 to 2, as he is able to perform simple, routine and repetitive tasks, and make simple workplace decisions with few workplace changes; and can have occasional contact with the public and with co-workers.  (R. 17).

At Step Four, the ALJ found that Plaintiff was unable to perform any past relevant work, so he moved on to Step Five.  (R. 20).  The ALJ then used a vocational expert ("VE") to determine whether or not a significant number of jobs exist in the national economy that Plaintiff could perform.  The VE testified that, based on Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, such as addresser, surveillance system monitor, and documents specialist.  (R. 21-22, 71-72).  Accordingly, the ALJ found that Plaintiff was not disabled.  (R. 22).

## IV.  Legal Analysis

Plaintiff argues that his RFC is not supported by substantial evidence because the ALJ failed to evaluate properly the medical opinion of his treating physician, Joseph R. Kalik, D.O.  The Court finds that, because the ALJ did in fact fail to address adequately the opinion of Dr. Kalik, it is not apparent whether the ALJ considered all the relevant evidence of record in formulating the RFC.  Therefore, because the Court cannot determine whether the RFC here is supported by substantial evidence, the Court will remand the case for further consideration.

RFC is defined as "'that which an individual is still able to do despite the limitations caused by his or her impairment(s).'" Fargnoli, 247 F.3d at 40 (quoting Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000)); see also 20 C.F.R. § 404.1545(a)(1).  Not only must an ALJ consider all relevant evidence in determining an individual's RFC, the RFC finding "must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" Fargnoli, 247 F.3d at 41 (quoting Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)). "'[A]n examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.'" Id. (quoting Cotter, 642 F.2d at 705); see also SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").

Moreover, the opinion of a claimant's treating physician is generally to be afforded significant weight.  See Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429.  In fact, the regulations provide that for claims such as this one, filed before March 27, 2017, a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record.  See 20 C.F.R. § 404.1527(c)(2); Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429.  As a result, the ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the ALJ's own judgment or speculation, although he may afford a treating physician's opinion more or less

6

weight depending upon the extent to which supporting explanations are provided.  See Plummer, 186 F.3d at 429.

Dr. Kalik's opinion was provided in the form of a "Medical Source Statement of Ability to Do Work-Related Activities."  (R. 777-78).  The questionnaire, which Dr. Kalik completed by checking boxes and by providing longer handwritten answers, includes various findings regarding Plaintiff's limitations in functioning.  The ALJ stated in his decision that he gave Dr. Kalik's opinion "little weight" in determining Plaintiff's RFC.  (R. 20).  In his analysis, however, while the ALJ noted certain findings from Dr. Kalik's opinion and stated why he did not agree with them, upon careful review, the Court finds that part of the ALJ's explanation is inadequate under the circumstances of this particular case.

More specifically, the ALJ stated in his decision that Dr. Kalik "opined that the claimant could frequently focus and concentrate."  (R. 20).  Upon review of that opinion, however, the Court notes that Dr. Kalik actually responded "Frequently" in response to the question, "How often during a typical workday is your patient's experience of pain or other symptoms severe enough to interfere with attention and concentration needed to perform even simple work tasks?" (R. 778).  The ALJ therefore not only appears to have misunderstood the question to which Dr. Kalik responded, but in doing so he also failed to consider Dr. Kalik's finding that Plaintiff's pain and other symptoms would frequently interfere with his ability to work.  Further, in explaining why he was giving Dr. Kalik's opinion little weight in his analysis, the ALJ stated in part that "it does not appear that this source is familiar with program and evidentiary requirements, especially considering how he classified the claimant's mental limitations as 'frequent', rather than in the 'paragraph B' language."  (R. 20).

The Court notes, however, that in response to the aforementioned question on pain and other symptoms affecting Plaintiff's focus and concentration, Dr. Kalik was checking a box from a number of choices—he was not choosing his own language as the ALJ implies. Moreover, Dr. Kalik was not required to state his opinion as to Plaintiff's pain and other symptoms affecting his ability to do work-related activities in the language of "Paragraph B" (referring to the broad areas of functioning considered when evaluating mental impairments under the listings). Rather, it is the role of the ALJ to weigh the evidence as a whole, including medical opinions, medical records, a claimant's subjective complaints, and descriptions of his own limitations, and then make an administrative finding as to the claimant's RFC, the most that a claimant can do despite his limitations. See 20 C.F.R. §§404.1527, 404.1529, 404.1545. Factors that the ALJ should properly evaluate in considering the weight to give medical opinions include whether the medical source examined or treated the claimant, whether the opinion is supported by medical signs and laboratory findings, whether the opinion is consistent with the record as a whole, the specialization of the medical source, and any other factor which would tend to support or contradict the medical source's opinion. See 20 C.F.R. § 404.1527(c)(1)-(6).

The Court therefore finds that the ALJ did not fully consider the limitations found by Dr. Kalik, nor did the ALJ adequately explain his treatment of the limitations found in that opinion. It is thus not apparent to the Court whether the ALJ's decision in this regard is based on substantial evidence. While the ALJ was certainly not required to adopt all of the findings in Dr. Kalik's opinion, he was required to explain adequately his basis for rejecting them if he chose to do so. See Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir. 1993) (explaining that, when conflicting evidence exists, and ALJ may choose whom to credit, but "cannot reject evidence for no reason or for the wrong reason" (internal citation omitted)); Plummer, 186 F.3d at 429

(stating that an ALJ "must consider all the evidence and give some reason for discounting the evidence she rejects").  The ALJ's comments concerning the restrictions found in the opinion of Dr. Kalik simply do not allow the Court to determine whether there was an adequate basis for the ALJ's decision to give little weight to that opinion.  Remand is therefore required to allow for more focused discussion of the ALJ's consideration of the limitations found by Dr. Kalik in formulating Plaintiff's RFC.

Additionally, the ALJ should, of course, ensure that proper weight be accorded to all the opinion and other medical evidence presented in the record, and he should verify that his conclusions at all steps of the sequential evaluation process are adequately explained, in order to eliminate the need for any future remand.  Indeed, the Court expresses no opinion as to whether the ALJ's RFC determination regarding Plaintiff's impairments could, in fact, be supported by the record.  It is, instead, the need for further explanation that mandates the remand on this issue.

## V.     **Conclusion**

In short, the record simply does not permit the Court to determine whether the ALJ's formulation of Plaintiff's RFC is supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case.  The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

s/Alan N. Bloch
United States District Judge

ecf:            Counsel of record